IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RONALD S. GRUPP**, )
)
Plaintiff, ) 2:14cv240
v. ) **Electronic Filing**
)
**BANK OF NEW YORK MELLON** )
**CORP**., )
)
Defendant. )

## MEMORANDUM OPINION

### I. Introduction

Ronald S. Grupp ("Plaintiff"), commenced this action *pro se* on February 21, 2014, against Bank of New York Mellon Corp. ("Defendant"), purporting to assert numerous federal and state law causes of action. (ECF No. 1). Presently pending before the Court is the Defendant's Motion to Dismiss or in the Alternative, Motion to Enforce Settlement Agreement and General Release. (ECF No. 4). For the reasons that follow, the Motion will be granted.

### II. Background

According to the allegations in the Complaint, this lawsuit centers on events that transpired during Plaintiff's employment with Defendant from 2006 through July 9, 2013. Plaintiff was employed by Defendant beginning in February 2006. (ECF No. 1 at ¶ 21). He avers that he had extensive experience in handling securities and was Defendant's "Fiduciary Agent" with respect thereto. (*Id.* at ¶¶ 21, 24). Plaintiff states that he alerted management with respect to "major fraudulent activity", "unethical risky practice", and "breach of fiduciary duties" from 2006 until January 2013. (*Id.* at ¶ 23). Plaintiff further states that "with years of experience" and during his employment, he repeatedly reported "public policy breach[es]." (*Id.* at ¶ 30). Plaintiff alleges that on December 20, 2012, Defendant forced him to "take asset valuation classes or be terminated." (*Id.* at ¶ 27). Plaintiff further alleges that from January 2012

1

until July 2013, he received "countless e-mail threats, intimidation, and corrective actions warnings documenting these written threats of termination." (*Id.* at ¶ 28).

Plaintiff's Complaint goes on to allege that in January 2013, he alerted Defendant's legal counsel regarding the "unethical risky practice" and an investigation ensued. (*Id.* at ¶¶ 36-40). Plaintiff claims that he cooperated with the internal investigation from January 24, 2013 until he was "forced to resign" on July 9, 2013. (*Id.* at ¶ 48). Plaintiff contends that he suffered retaliation, intimidation, threats, and defamation of character from 2012 through July 2013 regarding his "due diligence and fiduciary duty for his customers." (*Id.* at ¶ 49). Although the significance is unclear, Plaintiff appears to allege that Defendant filed misleading documents with the Securities and Exchange Commission, sold certain stock, and amended "various corporate bylaws." (*Id.* at ¶¶ 17, 19, 41-47). Plaintiff alleges that on July 9, 2013, he entered into a "prospectus contract" drafted by Defendant in violation of the Security Exchange Act of 1933.[1] (*Id.* at 16).

Based on these allegations, Plaintiff cites a slew of federal and state statutory provisions, some of which are jurisdictional or venue-related and some of which are substantive in nature. (ECF No. 1 at p. 2). He summarizes his lawsuit as follows:

> This is an action brought on by Mr. Ronald S. Grupp (fiduciary agent) for violations of the above named acts in connection with purported untrue misleading statements appearing on Plaintiff's reports, the defendants' tactics in attempts to cover up the fraudulent activity, misrepresentation and the defendants' refusal to acknowledge the unlawful acts regarding it.

(ECF No. 1 at ¶ 10). He seeks damages and injunctive relief. (*Id.* at pp. 7-8). Defendant has moved for dismissal, arguing that Plaintiff has failed to state a claim upon which relief can be granted, and, alternatively, that all of his claims are barred by the Settlement Agreement and Release Plaintiff executed at the time of his termination. (ECF No. 5 at pp. 5-21).

### III. Standard of Review

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all

---

[1] The only contract entered into between the parties is the Settlement Agreement and General Release dated July 9, 2013. (ECF No. 22).

2

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. *Id*. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In contrast, pleading facts that only offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do[,]" nor will advancing only factual allegations that are merely consistent with a defendant's liability. *Id.* Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. *Id.* at 678-79; *see also Twombly*, 550 U.S. at 563 n.8 (a complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) & *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)); *accord Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted

deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips*, 515 F.3d at 235; *see also Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting *Phillips*, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

*Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008). ("Pro se litigants are held to a lesser pleading standard than other parties."). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's … legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Even though plaintiff is *pro se*, he or she must "set forth sufficient information to outline the elements of [his or her] claim." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citing 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)). Thus, plaintiff is required to present enough factual allegations for the court, accepting those

allegations as true, to determine whether there are plausible claims that defendant violated plaintiff's federal rights. *Id.*

## IV. Discussion

Although Plaintiff purports to invoke a number of federal laws, as well as state laws, his Complaint utterly fails to comply with the demands of Fed.R.Civ.P. 8(a), which requires the plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Notwithstanding his recitation of numerous provisions of federal and state law, Plaintiff has alleged no facts that could plausibly state a claim under any of these sources of law. This is contrary to the demands of *Twombly*, which requires that a complaint contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (a litigant, even one that is *pro se*, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.").

Plaintiff purports to rely on the Fair Credit Reporting Act, the Fair Debt Collection Practices Act (Count I), "FDIC Law, Regulations, Related Acts", the Age Discrimination in Employment Act of 1967, the "Equal Employment Opportunity Commission", the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. §§ 201.1-201.9.2) (Count IV), and "Office of Thrift Supervision" (Count V), as grounds for relief. However, these federal statutory and state provisions are facially inapplicable and lack any relevance to the factual allegations stated in the Complaint. Other sources of law cited within are patently insufficient because they either confer no substantive rights, do not provide a private right of action, or are criminal statutes, such as the "Office of Comptroller of Currency," (12 U.S.C. § 73) (Count II), Corporate Powers of Associations, 12 U.S.C. § 24, and Theft of Trade Secrets, 18 U.S.C. § 1832.[2]

Although it is not designated in a particular Count in his Complaint, Plaintiff appears to assert a claim against Defendant for filing a false and misleading registration statement in violation of the Securities Exchange Act, 15 U.S.C. § 78r(a), which provides:

---

[2] It is difficult to discern the exact nature of the Plaintiff's claims. Plaintiff identifies five causes of action in the caption of his Complaint, lists fourteen "violation[s]" in the history section of the Complaint, and purports to plead six causes of action in six counts of the Complaint.

5

> Any person who shall make or cause to be made any statement in any application, report, or document filed pursuant to this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement ..., which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person (not knowing that such statement was false or misleading) who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement, for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading....

15 U.S.C. § 78r(a). A *prima facie* case requires a plaintiff to plead: "(i) the defendant made a false or misleading statement, (ii) the statement was contained in a document 'filed' pursuant to the Exchange Act or any rule or regulation thereunder, (iii) reliance on the false statement, and (iv) resulting loss to the plaintiff." *In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d 187, 193 (1st Cir. 2005); *see also Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1171 (10th Cir. 2006). Plaintiff has failed to plead any of the above elements, and has only asserted, in a conclusory fashion, that Defendant filed a Registration Statement containing false and misleading statements. (ECF No. 1 at ¶ 17). Such conclusory allegation is insufficient under *Twombly* and its progeny.[3]

More fundamentally, however, the Court agrees with Defendant that the instant lawsuit is barred by the terms of the Settlement Agreement and General Release.[4] As stipulated in the

---

[3] Plaintiff's allegations purporting to assert violations of the Pennsylvania Securities Act, 70 P.S. §§ 1-402, 1-404, 1-407 (Count III), as well as his common law claims of defamation and intentional infliction of emotional distress (Count VI), are also patently deficient under *Twombly*.
[4] In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Importantly, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id*. Plaintiff's claim for alleged violations of the Securities and Exchange Act are based on the Settlement Agreement and General Release (ECF No. 22) executed by the parties. (ECF No. 1 at ¶¶ 16, 48, ECF No. 9 at p. 2). In addition, the authenticity of the document is not in dispute. Therefore, the Court may properly consider this document in resolving the instant Motion. *See Cuchara v. Gai-Tronics, Corp.*, 2004 WL 1438186 at 5

Settlement Agreement, Plaintiff and Defendant mutually agreed with respect to the terms and conditions of Plaintiff's separation from employment, as well as the settlement, compromise, and release of claims he asserted in the review of his internal complaints. (ECF No. 22 at p. 1). Specifically, the Settlement Agreement contained the following "General Release" language:

> In consideration of the valuable consideration received from MBNA Private Wealth PA Services, LLC (the "Company"), as set forth more fully in the attached Settlement Agreement dated July 9, 2013 incorporated herein by reference, you, for yourself and for your heirs, executors, administrators, successors and assigns, forever settle, compromise, release, and discharge the Company, its parent, and each and all of their present and former subsidiaries and affiliates, officers, directors, employees, agents, representatives, employee benefits plans and such plans' administrators, fiduciaries, trustees, recordkeepers and service providers, and each of its and their respective successors and assigns, each and all of them in their personal and representative capacities (herein collectively referred to as the "Released Parties"), from and against any and all claims, grievances, injuries, controversies, agreements, covenants, promises, debts, accounts, sums of money, wages, actions, causes of action, suits, arbitrations, attorneys' fees, costs, or any right to any monetary damages or any other form of personal relief, whether known or unknown, in law or in equity, by contract, tort, law of trust or pursuant to federal, state or local statute, regulation, ordinance or common law, which you now have, ever have had, or may hereafter have, based upon or arising from any fact or set of facts, whether known or unknown to you, by reason of any matter, cause, act or omission arising prior to your signing this General Release, including, without limitation, those arising out of or in connection with your employment with or termination from the Company.
> …

(ECF No. 22 at p. 11).

In numerous paragraphs throughout his Complaint, as more fully detailed above, Plaintiff specifically refers to events that transpired during his employment with Defendant beginning in 2006 and ending with the execution of the Settlement Agreement and General Release on July 9, 2013. As such, these claims are clearly encompassed within the terms of the General Release, which bars Plaintiff from filing suit based on any claims, known or unknown, "arising out of or

---

(E.D.Pa. 2004) (considering agreement and general release on 12(b)(6) motion where plaintiff's allegations were based on release and it was attached as an exhibit to both supporting memoranda), *aff'd*, 129 F. App'x 728 (3d Cir. 2005).

in connection with" his employment or termination. (ECF No. 22 at p. 11). Under Pennsylvania law, "[a] signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake." *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 892 (3d Cir. 1975); *Thomas v. Sandstrom*, 459 F. App'x 93, 95 (3d Cir. 2012).

Here, Plaintiff claims that he was "manipulated, under duress, and coerced" into executing the Settlement Agreement and General Release. (ECF No. 9 at p. 2). Similar allegations of duress were considered and rejected by the district court in *Robins v. Bimbo Foods Bakeries Distribution, Inc.*, 2013 WL 5803783 at *6 (E.D.Pa. 2013):

> … In seeking to avoid the effect of the Release, Plaintiff alleges that Defendant obtained his signature by fraud and/or duress. These allegations fail as a matter of law. Under Pennsylvania law, "duress is not established merely by showing that the release was given under pressure." *Thomas*, 459 F. App'x at 95 (quoting *Three Rivers Motors Co.*, 522 F.3d at 893). Further, "where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm." *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 893 (3d Cir.1975) (citing *Carrier*, 233 A.2d at 521); *see also Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 295 (2003) ("[T]he law is clear that the existence of financial pressure to sign a waiver is insufficient to establish that it was executed involuntarily."); *Degenhardt v. Dillon Co.*, 543 Pa. 146, 669 A.2d 946, 951 (1996) (rejecting argument that duress rule from *Carrier* is inapplicable when counsel is unavailable at the precise moment that an agreement is signed). Courts will not find duress where a party is free to consult with counsel or to take the Agreement home and review it further, and the party acknowledges that no one physically forced him or threatened him in any way if he failed to sign. *See Gregory v. Derry Twp. Sch. Dist.*, 418 F. App'x 148, 152 (3d Cir. 2011).
>
> Plaintiff has not alleged sufficient facts showing that he signed the Release under duress. Plaintiff makes no allegation of any physical threat on the part of Defendant or its representatives. Rather, Plaintiff alleges merely that Defendant refused to complete the sale of the distribution route until Plaintiff has signed the Release and that defendant continued to run the distribution route at Plaintiff's expense during that time that Plaintiff refused to sign the Release. SAC ¶¶ 42–43. Plaintiff also alleges that Defendant's representatives refused to allow Plaintiff to confer with counsel with regards to the Release. *Id.* ¶ 42. However, Plaintiff also states that he refused to sign the Release for two weeks, during which time Plaintiff could have consulted counsel. *Id.* at 45.

*Robins*, 2013 WL 5803783 at *6.

8

We reach the same result in the instant case. Plaintiff has not alleged that he signed the Settlement Agreement and Release under the threat of physical harm. To the extent Plaintiff is claiming he signed the documents under economic duress, such claim fails as a matter of law. *See Three Rivers Motors Co.*, 522 F.2d at 893. Finally, the documents reflect that Plaintiff had the opportunity to consult with counsel before executing same. (ECF No. 22 at p. 12 ("You represent and warrant that you have been advised to consult with an attorney before signing this General Release and that you have executed this General Release after having the opportunity to consider its terms for at least 21 days.")). Accordingly, Plaintiff cannot now claim duress. *See Degenhardt v. Dillon Co.*, 669 A.2d 946, 950 (Pa. 1996) (where a party has the opportunity to consult with legal counsel before entering into a contract, that same party cannot later invalidate the contract by claiming economic duress).

## V. Conclusion

The United States Court of Appeals for the Third Circuit has held that district courts should not dismiss a *pro se* complaint without granting the plaintiff leave to amend unless amendment would be inequitable or futile. *Kim v. I.R.S.*, 522 F. App'x 157, 159 (3d Cir. 2013) (citing *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004)). Because the instant Complaint falls within the scope of the Settlement Agreement and General Release and is therefore barred as a matter of law, it is incapable of being cured by way of further amendment and dismissal of the Complaint with prejudice is appropriate. Accordingly, Defendant's Motion to Dismiss or in the Alternative, Motion to Enforce Settlement Agreement and General Release (ECF No. 4) will be granted. An appropriate Order follows.

Dated: December 4, 2014

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:  Ronald S. Grupp
    149 Grove Avenue
    Pittsburgh, PA 15229

   *(via First-Class U.S. Mail)*

9

Catherine S. Ryan, Esquire
Richard L. Etter, Esquire

(*via CM/ECF Electronic Mail*)